IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARK P.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-24**     (Fam. Ct. Kanawha Cnty. Case No. 22-D-839)

**JENNIFER P.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Mark P.[1] ("Father") appeals the Family Court of Kanawha County's December 19, 2023, Amended Final Modification Order which denied his petition for modification on the basis that his change in employment location did not constitute a substantial change of circumstances and the modification was not otherwise in the children's best interest. Respondent Jennifer P. ("Mother") filed a response in support of the family court's order.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties share two minor children. The parties were divorced by final order entered November 22, 2022. Per the final divorce order, the parties agreed to continue the parenting arrangement entered by the family court in its temporary order. Pursuant to the temporary order, Father was to exercise parenting time three weekends per month, from Thursday at 7:00 p.m. until Saturday at 7:00 p.m.

On September 19, 2023, Father filed his petition for modification which requested a 50-50 custodial allocation, or, in the alternative, his weekends be modified to Friday to

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by G. Wayne Van Bibber, Esq. Mother is represented by Erica Lord, Esq.

Monday morning.[3] The basis for the petition was that when the final divorce order was entered, Father was working out of town and therefore could not transport the oldest child to school and could not exercise parenting time in the evenings. However, since entry of the divorce order, Father's job now allowed him to be home most evenings and Father had remarried. The petition alleged that such facts were not known or had arisen since entry of the final divorce order. Mother responded to the petition and noted that Father's new wife lives in Morgantown, West Virginia, approximately two and a half hours from Kanawha County, where the children reside, and therefore the new wife could not assist with transporting the children to school and daycare.

On December 11, 2023, the family court held a hearing on the petition. Both parties appeared with counsel. Mother's attorney argued that the petition was motivated purely by Father's financial interest. She went on to note that Father has been employed by an elevator company for years and he has always had to travel for work, sometimes out of state. Mother's attorney pointed out that Father did not, and could not, testify that his current circumstance of being able to be home for the children would last beyond his current assignment. Mother's attorney further pointed out that changing the custodial allocation in the middle of the school year was not in the best interest of the children or their stability. Father testified that he would be able to get the children to and from school and they would not have to change schools if the modification was granted. Father also testified that his wife moving to the Charleston, West Virginia, area was contingent upon the modification being granted.

On cross-examination, Father testified that he was currently working on a job in Bridgeport, West Virginia, which is about an hour and a half away, and he has to be on-site by 7:30 a.m. and would get off at 4:30 p.m. He admitted that this would prevent him from dropping the children off and picking them up from school, but he stated that his family and new wife would help get the children to and from school. He also admitted that while his next job would be in Charleston, West Virginia, it would only last about eight weeks after which time he would be working approximately an hour away in Logan, West Virginia, and does not know where his next job will be until the equipment for the job is delivered to the job site. Mother testified about prior issues with Father exercising his previously granted parenting time. She testified that she would agree to a modification of the weekends to reflect the alternative request Father made in his petition. However, she testified that she was opposed to a 50-50 custodial allocation because their oldest child struggles in school due to her Attention Deficit Hyperactivity Disorder which required special care. Mother testified that disrupting the child's schedule would not be in her best interest.

---

[3] The attorney who drafted the petition is not the attorney who appeared on behalf of Father at the hearing.

The family court noted from the bench that Father's testimony that his new wife's move to Charleston was contingent upon the petition being granted was troubling, as it made part of the basis for the petition prospective only, and thus called into question Father's credibility in presenting the case. After the family court announced its ruling from the bench, Father's counsel attempted to move Father's pay stubs into evidence, which the family court denied because it was after the close of evidence.

Following the hearing, the family court entered its Amended Final Modification Order. In that order, the family court found that Father did not meet his burden of proof to show that there has been a substantial change in circumstances since the prior agreed upon parenting plan. Specifically, the family court found that because Father was aware at the time of the final divorce hearing that he had a specialized job in which his employment conditions were likely to change, that when said employment conditions did actually change, such change did not constitute facts that were not known or anticipated at the time of the previous hearing. The family court further found that the proposed modification was not in the children's best interest and their stability would not be served by a 50-50 custodial allocation. The family court also noted that it denied entry of Father's paystubs into evidence and declined to modify child support. Ultimately, the family court denied the petition for modification but did modify the parenting plan by agreement of the parties so that Father exercised parenting time from Friday at 6 p.m. until Monday at 6 a.m. when school is in session and from Friday at 6 p.m. until Monday at 6 p.m. when school is out. It is from this order that Father appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father first asserts that the family court erred by finding that Father's change in employment location did not amount to a substantial change in circumstances justifying modification. We disagree. West Virginia Code §48-9-401(a) (2022) establishes three criteria for change-in-circumstances modifications. First, the facts relevant to the change in circumstances must not have been "known" or "anticipated" in the order that established the custodial allocation. Second, the change in circumstances must be

3

"substantial." Finally, the modification must be "necessary to serve the best interests of the child." *Jared M. v. Molly A.*, 246 W. Va. 556, 561, 874 S.E.2d 358, 363 (2022).

Here, Father specifically argues that the change in his employment location was not anticipated in the final divorce order. While that may be true, Father does not offer any explanation of how the remaining criteria of West Virginia Code §48-9-401(a) are satisfied. Instead, Father argues, without citation to the record, that "the lower court erroneously and prematurely ruled that the [Father]'s move was anticipated in the Final Divorce Order and unable to be litigated at the final hearing."[4] Our review of the recording of the December 11, 2023, hearing establishes that the family court did not prevent Father from putting on evidence that his change in employment location constituted a substantial change or that modification was in the best interest of the children. Father simply failed to do so during said hearing. Accordingly, the family court did not err in determining that Father failed to meet his burden of proof to establish a modification of the parenting plan due to a substantial change in circumstances.

Father next asserts that the family court erred by failing to apply the child support guidelines to determine whether there had been a substantial change in circumstances pursuant to West Virginia Code § 48-11-105 (2008) (providing for modification of a child support order if application of the child support guidelines would result in a new order that is more than fifteen percent different.) Again, we disagree. Father's petition does not allege that application of the child support guidelines would result in a new order that is more than fifteen percent different. Indeed, Father's petition does not assert any change in income for either party. Rather, the request for modification of child support in Father's petition appears to be contingent on his petition being granted on the merits for a change in circumstances. Accordingly, the family court did not err in this regard.

Next, Father asserts that the family court failed to make sufficient factual findings to justify deviating from the presumption that a 50-50 custodial allocation is in the best interest of the children. We disagree. Here, the family court was not required to make findings justifying deviation from the 50-50 presumption because the threshold issue before the family court was not setting a custodial allocation for the parties' children; such had already been accomplished by agreement of the parties and adopted by the family court in the final divorce order. Rather, the issue then before the family court was whether a modification of the existing custodial allocation was justified. Accordingly, since the family court determined that Father failed to meet his burden of proof to establish a change-of-circumstance modification, the family court did not err by failing to make findings regarding deviation from the 50-50 presumption.

---

[4] The Court notes that Father has the duty to support his arguments with citation to authority as well as "appropriate and specific citations to the record . . ." W. Va. R. App. P. 10(c)(7). Otherwise, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.*

Finally, Father asserts that the family court erred by denying his modification of the parenting plan and then modifying the parenting plan anyway. Again, we disagree. West Virginia Code § 48-9-402 (2022) provides for modification of parenting plans without a showing of changed circumstances when the parents have come to an agreement and the agreement is voluntary and not harmful to the children or when the modification constitutes a minor change and is in the best interest of the children. Here, Father, in his petition, alternatively requested a modification of the parenting plan to alter his weekend custodial time. Mother testified that she did not object to the alternative request. There was no assertion below or on appeal that the agreement was not voluntary, was harmful to the children, did not constitute a minor change, or was not in the best interest of the children. Accordingly, the family court did not err by modifying the parenting plan to alter Father's weekend custodial time despite denying Father's petition to modify.

Therefore, based on the foregoing, the December 19, 2023, Amended Final Modification Order of the Family Court of Kanawha County is affirmed.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear